LETTS, Judge.
Before us is yet another custody battle, this time involving a father who now seeks custody of his five-year-old daughter, originally awarded to the unwed mother at the conclusion of a paternity suit. See § 744.301(1), Fla.Stat. (1987). The trial judge held that the father had not established that it would be in the best interests of the child to modify custody and had failed to show a substantial change in circumstances. We reverse and remand.
During the course of the instant proceedings, it was admitted by the mother’s only expert witness, a psychologist, that the mother was emotionally disturbed and filled with rages, angers and hostilities, all portending child abuse. Indeed, the trial judge found that “the mother needs some extensive therapy in order to work out her problems with her career orientation and her function as a mother.”
We are most uncomfortable with the above facts, especially since the trial judge found in his order that “there was some evidence of abuse.” However, we are not *169 called on to decide whether the trial judge abused his discretion based on the foregoing because there is more, much more.
Subsequent to the paternity suit, the mother married and had two sons, currently three years old and twenty months old. There was evidence that she had beaten the elder son to the point that he had to be hospitalized. Further, there was evidence that that son has been removed from her custody and that criminal charges have been filed. A police officer and a registered nurse were prepared to testify on this subject with photographs of the three-year-old son taken soon after the beating. All of this evidence and testimony was barred on the grounds of relevance. In our opinion, the evidence was relevant and the trial judge was in error.
Section 61.13(3)(j), Florida Statutes (1987) permits the trier of fact to take into account “any other fact considered by the court to be relevant” when he is determining custody. In our view, it is obviously relevant to consider that the mother is abusing one child when determining her fitness to have custody of another. See Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), cert. denied, 392 So.2d 1373 (Fla.1981); Ehrhardt, Florida Evidence § 401.1 (2d ed. 1984). Moreover, we note that section 61.13(2)(b)2, Florida Statutes (1987), specifically permits evidence of spouse abuse in determining what is detrimental to a child. A fortiori, evidence of sibling abuse should be admissable.
Accordingly, we reverse and remand for further proceedings at which the above excluded testimony and evidence shall be admitted. The further proceedings should be held with dispatch. We request the trial court to consider the possibility of appointing a guardian ad litem for the minor child.
REVERSED AND REMANDED.
GLICKSTEIN and POLEN, JJ., concur.